UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

CHARLES W. FINTER and )
JOYCE A. FINTER, )
 )
      **Plaintiffs,** )
 )
v. ) Case No. 10-CV-0445-CVE-PJC
 )
WAL-MART STORES EAST, L.P., )
 )
      **Defendant.** )

# OPINION AND ORDER

Now before the Court is Defendant's Motion for Summary Judgment (Dkt. # 27). Defendant Wal-Mart Stores East, L.P. (Wal-Mart) argues that plaintiff slipped and fell on a large and clearly visible hazard in a parking lot, and that it had no duty to protect plaintiff from an open and obvious condition on its property. Plaintiff responds that there is a genuine issue of material fact precluding summary judgment on this issue, because there is conflicting evidence as to the open and obvious nature of the condition on defendant's property that allegedly caused plaintiff's fall.

## I.

On November 25, 2007, Charles W. Finter went to the Wal-Mart store at 6625 South Memorial Drive in Tulsa, Oklahoma and exited his car in the parking lot. Finter walked toward the store and went to retrieve a shopping cart that was located in a handicapped parking spot. He slipped and fell, and claims that he broke his hip because of the fall. Finter states that there was a tan or black substance[1] on the ground where he fell, and there is no dispute that Finter saw the

---

[1]     Defendant describes the substance as "gritty," but plaintiff claims that the substance was more like a clear and slippery gel. Dkt. # 27, at 2; Dkt. # 37-2, at 1.

substance after he fell. However, Finter denies that he saw the substance before he fell. The slip and fall occurred at 6:58 p.m. during a light rain or drizzle. Dkt. # 37-3, at 2. Finter testified in his deposition that a slippery substance or gel was the sole cause of his fall, and that the substance was not visible unless a person was standing directly on the affected area. Dkt. # 37-1, at 6-8; Dkt. # 37-3, at 1-2. Both parties have submitted photographs of the parking space where the fall occurred. Wal-Mart argues that the photographs clearly show a "foreign light tan substance on the black asphalt . . . ." Dkt. # 27, at 6; Dkt. # 27-3. Finter has submitted photographs taken by his son following the fall, and argues that the photographic evidence is ambiguous. Dkt. # 37, at 10.

Earlier on November 25, 2007, Wal-Mart had learned of an oil spill in the parking lot and sent Wal-Mart employee Joshua Morrison to clean up the spill. Dkt. # 37- 2, at 1. Morrison used "absorb" to clean the spill, and Finter alleges that Morrison used the wrong method to clean the oil spill.[2] He claims that "absorb" turns into a gel if it gets wet, and Morrison should have used cat litter to clean the spill. Dkt. # 37, at 4. The manager on duty, Kellie Dawn Meese, completed an incident report stating that the surface where plaintiff fell was not clean and noted that there had been an oil

---

[2] Plaintiff has submitted a DVD containing video footage of Morrison cleaning a spill in the parking lot and of plaintiff's fall. Dkt. # 38. The DVD shows that the area where plaintiff slips appears grainy or discolored, as if it is covered by sand, but the video is not sufficiently clear for the Court to determine if the blurry patch is a substance on the ground or water on the camera. Thus, the Court will not rely on the video when considering whether the condition was visible to plaintiff before he fell.

2

spill at that location. Dkt. # 37-5, at 1. During her deposition, Meese could not recall if she saw a substance on the pavement after Finter fell.[3] Dkt. # 37-6, at 8.

Finter filed this case in Tulsa County District Court, Oklahoma, alleging that Wal-Mart was negligent, and initially seeking damages in excess of $10,000. Dkt. # 2-2, at 2-3. Finter's wife, Joyce A. Finter, also alleged a loss of consortium claim against Wal-Mart. Id. at 3-4. Finter subsequently produced medical bills clarifying that he was seeking to recover, inter alia, medical expenses in the amount of $226,326.07, and Wal-Mart removed the case to this Court on the basis of diversity jurisdiction. Dkt. # 2, at 1.

## II.

Summary judgment pursuant to Fed. R. Civ. P. 56 is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Kendall v. Watkins, 998 F.2d 848, 850 (10th Cir. 1993). The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex, 477 U.S. at 317. "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but

---

[3]  Meese's deposition testimony does not establish that she did not see a substance on the pavement, but only that she could not recall what she saw after plaintiff's fall. Plaintiff asks the Court to infer that Meese must not have seen a substance based on her inability to recall what she saw, but the Court finds that Meese's deposition testimony on this point does not substantially assist either party in terms of defendant's motion for summary judgment. See Dkt. # 37, at 13-14.

3

rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" Id. at 327.

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the [trier of fact] could reasonably find for the plaintiff." Anderson, 477 U.S. at 252. In essence, the inquiry for the Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 250. In its review, the Court construes the record in the light most favorable to the party opposing summary judgment. Garratt v. Walker, 164 F.3d 1249, 1251 (10th Cir. 1998).

## III.

Defendant argues that the condition that allegedly caused plaintiff's injury was open and obvious, and that it had no duty to protect plaintiff from the condition or warn him of possible danger. Plaintiff responds that there is conflicting evidence as to the visibility of the substance on the pavement and the obviousness of the danger, and these are genuine issues of material fact precluding summary judgment.[4]

---

[4] Plaintiff also argues that defendant knew of the oil spill and failed to take appropriate steps to remove the dangerous condition. Dkt. # 37, at 8-9. However, defendant does not argue that it owed no duty to plaintiff or that it fulfilled its duty by attempting to clean up the oil spill. The Court will limit its review of defendant's motion to consideration of defendant's argument that the condition was open and obvious, and will not consider plaintiff's argument that defendant was otherwise negligent in its efforts to clean up the oil spill.

4

Under Oklahoma law, plaintiff must prove three elements to prevail on a negligence claim: (1) defendant owed a duty to plaintiff to protect plaintiff from injury; (2) defendant violated that duty; and (3) plaintiff suffered injuries that were proximately caused by defendant's violation of a duty. Consolidated Grain & Barge Co. v. Structural Systems, Inc., 212 P.3d 1168, 1171 n.8 (Okla. 2009). "The owner of premises owes 'the duty to exercise reasonable care to keep the premises in a reasonably safe condition and to warn invitees of conditions which are in the nature of hidden dangers.'" Ruddy v. Skelly, 231 P.3d 725, 727 (Okla. Civ. App. 2009) (quoting Rogers v. Hennessee, 602 P.2d 1033, 1034 (Okla. 1979)). An invitor has no duty to warn an invitee of the presence of open and obvious dangers on the invitor's property. Williams v. Tulsa Motels, 958 P.2d 1282 (Okla. 1998). An invitor is not a "guarantor of the safety of its invitees," and is not liable for injuries caused by a hazard of which the invitee should have been aware. Dover v. W.H. Braum, Inc., 111 P.3d 243, 245 (Okla. 2005).

Defendant argues that the tan or black substance covered a large area and should have been apparent to plaintiff before he fell. Dkt. # 27, at 6. Plaintiff disputes that the substance or gel was an open and obvious hazard, because it was not visible to plaintiff before he fell and he could not have known the substance was present until he stepped on the slippery area. Dkt. # 37-1, at 6-8; Dkt. # 37-3, at 1-2. The parties have provided photographs of the area where plaintiff fell, but the photographs do not clearly show whether the substance allegedly causing plaintiff's fall was visible. Dkt. # 27-3; Dkt. # 27-4; Dkt. # 27-5; Dkt. # 37-7. The Court has also reviewed video footage of the fall and there may have been some visible discoloration, but the quality of the video footage does not allow the Court to conclusively determine whether the substance was visible. Dkt. # 38.

Plaintiff testified in his deposition that he did not see any substance before he fell, but he could see a clear or slippery gel after he fell. Dkt. # 37-1, at 8.

The Court finds that there is a genuine issue of material fact as to whether a person exercising ordinary care would have seen the gel or substance in the parking lot, and this precludes summary judgment in favor of defendant on the ground that the condition was open and obvious. The parties have presented conflicting evidence concerning the visibility of the hazard and it is not clear that plaintiff should have known of any danger. The existence of an open and obvious danger on a defendant's premises ordinarily requires the resolution of disputed factual issues, and this case is no different. See Nalley v. Dunn, 2010 WL 2868180 (N.D. Okla. July 20, 2010) (genuine issue of material fact as to visibility of alleged dangerous condition prevented summary judgment on open and obvious defense); Miller v. David Grace, Inc., 212 P.3d 1223 (Okla. 2009) ("the openness and obviousness of the dangerous condition and whether [plaintiff] appreciated those risks are questions for the jury"). Even assuming that plaintiff should have seen the substance before he fell, the evidence does not clearly show that plaintiff should have appreciated any danger from walking on the gel or substance, and this is a genuine issue of material fact that must also be resolved by a jury. Choate v. Wal-Mart Stores East, L.P., 2010 WL 3122870 (N.D. Okla. Aug. 6, 2010) (denying motion for summary judgment based on open and obvious defense when plaintiff admitted to seeing the condition after her fall and stated that risk of falling was not apparent); Nider v. Republic Parking, Inc., 169 P.3d 738, 746 (Okla. Civ. App. 2007) (a visible condition on a defendant's premises may not be an open and obvious danger if the risk of harm is not apparent to an entrant on the property).

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment (Dkt. # 27) is **denied**.

**DATED** this 30th day of March, 2011.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT